UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAVERHILL RETIREMENT SYSTEM, Derivatively on Behalf of The Medicines Company,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM W. CROUSE, ALEXANDER J. DENNER, FREDRIC N. ESHELMAN, JOHN C. KELLY, ARMIN M. KESSLER, HIROAKI SHIGETA, MELVIN K. SPIGELMAN, and ROBERT G. SAVAGE,<br><br>Defendants,<br><br>and<br><br>THE MEDICINES COMPANY, a Delaware Corporation,<br><br>Nominal Defendant. | Case No. 2:17-cv-01597 |

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE, AND SETTING A FINAL SETTLEMENT HEARING**

WHEREAS, the Parties have made an application for an order approving the settlement (the "Settlement") of the above-captioned lawsuit (the "Action"), in accordance with the Stipulation of Settlement (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a

proposed Settlement and dismissal of the Action, upon the terms and conditions set forth therein; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the Stipulation and the exhibits annexed thereto:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court does hereby preliminarily approve the Stipulation and the Settlement, subject to further consideration at the Settlement Hearing described below, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on September 21, 2017 at 10:30 a.m. in Courtroom MLK 5B of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to The Medicines Company ("Medicines") and its shareholders and should be approved by the Court; the amount of attorneys' fees and expenses to be awarded to Plaintiff's Counsel and

service fee to be awarded to Plaintiff; and whether an Order and Final Judgment, as provided for in the Stipulation, should be entered herein.

3. The Court approves the form, substance, and requirements of the Notice to Shareholders (the "Notice") and finds that the publication of the Notice, substantially in the manner set forth in ¶¶4-6 of this Order, meets the requirements of due process under the United States Constitution and any other applicable laws, the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the Final Settlement Hearing, and other matters referred to in the Notice, to all persons entitled thereto.

4. No later than ten (10) days following the entry of this Order, Medicines shall cause a copy of the Notice, substantially in the form of Exhibit B-1 to the Preliminary Approval Motion to be filed in a Form 8-K with the Securities and Exchange Commission.

5. Medicines shall also publish the Summary Notice of Proposed Settlement, substantially in the form of Exhibit B-2 to the Preliminary Approval Motion, for one day in *Investor's Business Daily*.

6. Medicines shall also cause the Notice, substantially in the form Exhibit B-1 to the Preliminary Approval Motion to be posted on Medicines'

website under the "Investors" link, in accordance with the terms contained in the Stipulation.

7. At or before the Final Settlement Hearing, Medicines shall file with the Court proof of filing of the Notice, proof of internet posting of the Notice, and its compliance with all other provisions of ¶¶4-6.

8. Any person, who was a Medicines Shareholder of record, as of March 6, 2017, and who remains a Medicines Shareholder, may appear in person or by attorney at the Settlement Hearing and show cause, if any, why the Stipulation of Settlement should not be approved; why a judgment dismissing the Action with prejudice, as against the Defendants, should not be entered and the settled claims of the Releasing Persons against the Released Persons should not be barred permanently; and/or why the application by Plaintiff's Counsel for the proposed fee and expense award should not be approved. Before the Court will consider an objection, however, such objection must be filed in writing by no later than August 17, 2017, and must include: the objector's name, address, telephone number, and signature; all supporting bases and reasons for the objection, including the identification of all witnesses, documents, or other evidence that are to be presented at the Fairness Hearing in connection with the objection and a summary of the substance of the testimony to be given by any such witnesses; and be accompanied by documentary proof of continuous ownership of Medicines

stock from March 6, 2017 forward. Any shareholder who files a written objection and appears at the Final Settlement Hearing, either in person or through counsel, must also be prepared to show ownership through the date of the Settlement Hearing. Any written objection must be filed with the Court and served upon the following at least thirty-five (35) days before the Settlement Hearing:

**Plaintiff's Counsel:**
Judith S. Scolnick
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Tel.: 212.223.6444
jscolnick@scott-scott.com

**Defendants' Counsel:**
Timothy Perla
WILMER HALE
60 State Street
Boston, MA 02109
Timothy.perla@wilmerhale.com
Tel.: 617.526.6696

9. Any papers in support of final approval of the Stipulation, and/or requesting an award of attorneys' fees shall be filed with the Court and served at least twenty-eight (28) days before the Settlement Hearing, or August 24, 2017. Any responses or oppositions shall be due twenty-one (21) days before the Settlement Hearing, or by August 31, 2017. Any replies shall be due fourteen (14) days before the hearing, or by September 7, 2017. If a party files any supporting

declarations or affidavits (other than attorney declarations solely for document transmittal), that party shall produce all materials relied on by such declarant or affiant, and the other party shall have the right to depose such declarant or affiant telephonically for up to two hours. Service of papers on counsel must be by First-Class mail, hand delivery, or overnight courier service.

10. If a Medicines Shareholder fails to object to the Settlement, the shareholder will have waived any and all objections and shall forever be barred from making any objection to, or otherwise challenging, the Settlement, the final judgment dismissing the Action, or any other proceedings in the Action, including an appeal.

11. Neither the Stipulation nor any document referred to therein nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Released Persons, or any of them, of any fault, wrongdoing, or liability whatsoever.

12. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the current Medicines Shareholders and retains jurisdiction to consider all further applications arising out of, or connected with, the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed

to by the Settling Parties, if appropriate, without further notice to the current Medicines Shareholders.

Dated: May 12, 2017

_____
HONORABLE CLAIRE C. CECCHI
U.S. DISTRICT JUDGE